PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MICHAEL J. MORSE (CABN 291763)
JUAN M. RODRIGUEZ (CABN 313284)
Special Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (213) 894-7367/0304
    FAX: (213) 894-7631
    michael.morse1@usdoj.gov
    juan.rodriguez@usdoj.gov

Attorney for Petitioner United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>BABAK BROUMAND AND<br>MALAMATENIA MAVROMATIS,<br><br>    Defendants. | Case No. CR-21-00162-WHO<br><br>**STIPULATION TO CONTINUE STATUS CONFERENCE FROM MAY 8, 2025 AT 1:30 P.M., TO JULY 31, 2025 at 1:30 P.M. AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT; AND [PROPOSED] ORDER** |

<u>STIPULATION</u>

The parties hereby stipulate that the currently set status conference be continued from May 8, 2025, at 1:30 p.m. to July 31, 2025, at 1:30 p.m.

1. Defendant BABAK BROUMAND is in custody of the Bureau of Prisons in Alabama after being convicted at jury trial in the related case of *United States v. Broumand*, 20-224-RGK(A).

2. The government has produced over 60,000 pages of discovery to defendant MAVROMATIS, which primarily consists of business records, including bank, credit card, mortgage broker, title company, and escrow company records, tax returns, and witness interview reports.

3. On March 24, 2022, the government obtained a superseding indictment in this case adding defendant MAVROMATIS, who first appeared in this case on April 19, 2022, in which she was charged with two counts of False Statements on a Loan Application in violation of 18 U.S.C. § 1014 (Counts Four and Six). Prior to defendant MAVROMATIS's indictment, co-defendant BABAK BROUMAND had already been charged.

4. The parties have reached an agreement on a proposed resolution and need additional time to document their agreement for the Court's consideration. Accordingly, in addition to the reasons outline below, the government and defense counsel agree that time is excludable because of the Court's "consideration…of [the] proposed plea agreement to be entered into by the [parties]." 18 U.S.C. § 3161(h)(1)(G). The government will file the plea agreement, and diversion paperwork, well in advance of the July 31, 2025 hearing.

6. Therefore, the parties stipulate and agree that excluding time until July 31, 2025, will allow for the effective preparation of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The parties further stipulate and agree that the ends of justice served by excluding the time from May 8, 2025, through July 31, 2025 from computation under the Speedy Trial Act outweigh

STIPULATION AND [PROPOSED] ORDER
*United States v. Broumand, et al;*
Case No. CR-21-00162-WHO

2

the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A), (B)(iv).

    7. Accordingly, the parties ask that the Court to continue the status conference to July 31, 2025, and that the Court convert the status conference to a Change of Plea hearing once the government files the plea agreement.

    8. The undersigned Assistant United States Attorneys certify that they have obtained approval from all counsel to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED: May 6, 2025                   /s/ *Juan M. Rodriguez*  
                                                         MICHAEL J. MORSE  
                                                         JUAN M. RODRIGUEZ  
                                                         Special Assistant United States Attorney

DATED: May 6, 2025                   /s/ *Steven F. Gruel*  
                                                         STEVEN F. GRUEL  
                                                         Counsel for Defendant BROUMAND

DATED: May 6, 2025                   /s/ *Paul H. Nathan*  
                                                         PAUL H. NATHAN  
                                                         Counsel for Defendant MAVROMATIS

[~~PROPOSED~~] ORDER

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court hereby continues the status conference from May 8, 2025, at 1:30 p.m. to August 7, 2025 at 1:30 p.m.

Furthermore, the Court finds that failing to exclude the time from May 8, 2025, through August 7, 2025, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court further finds that the ends of justice served by excluding the time from May 8, 2025, through August 7, 2025, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial. Therefore, and with the consent of the parties,

IT IS HEREBY ORDERED that the time from May 8, 2025, to August 7, 2025, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(1)(G), (h)(7)(A), (B)(iv).

IT IS SO ORDERED.

DATED: May 6, 2025

-----------------------------------------
HONORABLE WILLIAM H. ORRICK
United States District Court